# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARDO ZEPEDA, | Case No. 2:16-cv-01170-RFB-GWF |
| Plaintiff, | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Before the Court comes Plaintiff's Amended Complaint, (ECF No. 14), filed on July 26, 2017. The Court incorporates the background as set forth in the Magistrate Judge's prior Order, (ECF No. 4).

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may

1 | be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the
2 | same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended
3 | complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Laboratory Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964- 1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id., See Papasan v. Allain, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

In a prior Order, Plaintiff was given the following instruction: "If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice." (ECF No. 4). Plaintiff's Amended Complaint fails to adequately state claims with sufficient detail, and does not address the deficiencies noted in the prior Order.

///
///
///
///

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint (ECF No. 14) is dismissed with prejudice.

DATED January 25, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**